UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.        -CIV-

LEXANDER CHIRINO,

Plaintiff,

v.

UNITED RESTAURANT EQUIPMENT & SERVICES
CORP., a Florida Corporation, and ROBERTO MORENO
IZQUIERDO, an individual.

Defendant.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, LEXANDER CHIRINO ("Chirino"), by and through his undersigned attorney, and hereby sues Defendants, UNITED RESTAURANT EQUIPMENT & SERVICES CORP., a Florida Corporation ("United Restaurant"), and ROBERTO MORENO IZQUIERDO, individually ("Izquierdo") (collectively, the "Defendants") as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA").

### PARTIES

2. Plaintiff, LEXANDER CHIRINO, is an adult, male citizen of the United States who resides in Miami-Dade County, Florida.

3. Defendant, UNITED RESTAURANT EQUIPMENT & SERVICES CORP., a Florida Corporation, did at all times material, conduct substantial and continuous business in the

1

Southern District of Florida. United Restaurant is located at 509 West 27th Street, Hialeah, Florida 33010.

4. Defendant, ROBERTO MORENO IZQUIERDO, owned, managed, and/or operated United Restaurant and regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rate of pay for employees, and controls the finances and operations of United Restaurant.

5. Defendant, United Restaurant, is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. § 203(d) and s(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person; and upon information and belief, it is an enterprise whose annual gross revenue was at all times material hereto in excess of $500,000 per annum, which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

6. At all times material hereto, Chirino is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

7. At all times material hereto, the work performed by Chirino was directly essential to the business performed by the Defendants.

8. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

9. At all times material, during Chirino's employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce.

2

Defendant continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

12. In 2012 Chirino was hired by the Defendants as a mechanic at United Restaurant. His employment was terminated on or about September 1, 2016.

13. Chirino worked nine (9) to ten (10) hours a day and earned approximately eleven (11) dollars an hour.

14. Chirino worked approximately fifty-five (55) hours a week.

15. Chirino was paid a wage of eleven (11) dollars an hour, and earned approximately five-hundred (500) dollars a week.

16. Since the beginning of Chirino's employment at United Restaurant Equipment & Services, the Defendants began to pay a total of five hundred (500) dollars a week, without regards to the amount of hours Chirino worked.

17. On or about 2015, the Defendants began using the card system and started to pay Chirino according to his hours worked.

18. In many weeks, Chirino worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

3

19. Although the Defendants were able to keep track of hours worked by Chirino, the Defendants failed to pay Chirino at an overtime rate when working in excess of forty (40) hours a week.

20. Chirino should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

21. Chirino is still owed for his work overtime work completed from 2012 to September 1st, 2016.

## COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
*(Against the Defendants)*

22. Plaintiff, Chirino, re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

23. As of 2012 in addition to Chirino's normal regular work week, Chirino worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

24. Chirino was entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

25. United Restaurant failed to pay Chirino's overtime compensation in the lawful amount for hours worked by Chirino in excess of the maximum hours provided for in the FLSA.

26. At all times, United Restaurant willfully employed Chirino for many work weeks longer than forty (40) hours, and failed and refused to compensate Chirino for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

27. As a result of the unlawful acts of United Restaurant, Chirino has been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

28. United Restaurant remains owing Chirino overtime wages, and Chirino is entitled to recover double damages pursuant to the FLSA.

29. Records, if any, concerning the number of hours worked by Chirino and the actual compensation paid to him are in the possession and custody of United Restaurant.

30. United Restaurant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Chirino at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

31. United Restaurant failed to properly disclose or apprise Chirino of his rights under the FLSA.

32. As a direct and proximate result of United Restaurant's willful disregard of the FLSA, Chirino is entitled to liquidated damages pursuant to the FLSA.

33. Due to the intentional, willful and unlawful acts of United Restaurant, Chirino has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

34. Chirino is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Chirino, respectfully request that judgment be entered in their favor against the Defendant, United Restaurant:

a. Declaring that United Restaurant has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Chirino overtime compensation in the amount calculated;

c. Awarding Chirino liquidated damages in the amount calculated;

d. Awarding Chirino reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Chirino post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: June 26, 2017.                              Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com